UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| INDIANA FARM BUREAU INSURANCE, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREE USA INC. and MJC AMERCA LTD ) <br> d/b/a SOLEUS INTERNATIONAL INC, ) <br> Defendants. ) | CAUSE NO.: 4:19-CV-67-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Indiana Farm Bureau Insurance invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing its Complaint in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff and Defendants, Gree USA, Inc. and MJC America Ltd. d/b/a Soleus International, Inc., must be citizens of different states, and the amount in controversy must be more than $75,000. Further, if Plaintiff has not paid the entire loss suffered by the insured parties, James and Donna Bushong, then the insured parties and Defendants must also be citizens of different states. Plaintiff has alleged a sufficient amount in controversy. Plaintiff has also sufficiently alleged the citizenship of both Defendants. However, the allegations are insufficient as to the citizenship of Plaintiff. The allegations are also insufficient as to the

citizenship of the insured parties—if Plaintiff has paid the entire loss, this is inconsequential; if Plaintiff has paid only part of the loss, thus making the citizenship of the insured parties crucial to the determination of diversity, this must be corrected.

The Complaint alleges that Plaintiff is a "'Domestic Insurance Corporation' duly authorized to issue insurance policies in the State of Indiana, domiciled in the State of Indiana, with its principal place of business in Indianapolis, Indiana." (Compl. ¶ 1, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship.

Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). The Seventh Circuit has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (emphasis in original) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)). It is therefore not enough to allege Plaintiff's state of principal place of business and the state of its *domicile*, rather than its state of incorporation.

The Complaint further alleges that the insured parties "resided in West Lafayette, Indiana." (Compl. ¶ 2, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship. "Determining a party's citizenship for purposes of a subrogation claim requires determining

whether the subrogation was total or partial." *Cincinnati Ins. Co. v. Greene*, No. 1:10-cv-370, 2012 WL 1802325, at *2 (S.D. Ind. May 17, 2012).

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

*United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949) (citation omitted). "[T]otal subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, [while] partial subrogation forces a look at both subrogee and subrogor—that is the teaching in *Aetna Cas*." *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008) (emphasis omitted) (citing *Aetna Cas.*, 338 U.S. at 380-81); *see also Cincinnati Ins. Co.*, 2012 WL 1802325 at *2. Further, "[t]he citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* (Diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state." (internal citations omitted)). Therefore, Plaintiff must first allege whether it has paid the entire loss suffered by the insured parties. If Plaintiff has paid the entire loss, then it is the only real party in interest and the citizenship of the insured parties is inconsequential to the Court's determination of subject matter jurisdiction. If Plaintiff has paid only part of the loss, Plaintiff must then properly allege the citizenship of the insured parties as described above.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege its citizenship and the citizenship of the insured parties, if necessary, as outlined above. Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **July 26, 2019**, a

supplemental jurisdictional statement that properly alleges the citizenship of the relevant parties as stated above.

So ORDERED this 12th day of July, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT